ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAR 3 1 2006

LUTHER D. THOMAS, Clerk
By: /s/ [illegible]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| v. | ) **1 06 CV 0761**<br>) COMPLAINT **-CC** |
| RACETRAC PETROLUEM, INC., | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion and retaliation, and to provide appropriate relief to Ms. Dian Paul who was adversely affected by such practices. The Commission alleges that Defendant, RaceTrack Petroleum, Inc. ("Defendant"), discriminated against Ms. Dian Paul by failing to reasonably accommodate her religious beliefs and practices, and by discharging her because of her religious beliefs and practices, and because she opposed Defendant's discriminatory failure to accommodate her sincerely held beliefs and practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII. 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, RaceTrac Petroleum, Inc. ("RaceTrac") has continuously been a Georgia corporation doing business in the State of Georgia and the City of Atlanta, and has continuously had at least 15 employees.

5.  At all relevant times, RaceTrac has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Ms. Paul filed his charge with the Commission alleging violations of Title VII by Defendant, RaceTrac . All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Ms. Paul is a Rastafarian. As a Rastafarian, she believes that she must wear a turban head wrap and her hair in long knots called dreadlocks to comply with her religious beliefs and practices. Based on her religious beliefs and practices, Ms. Paul wore her head wrap and dreadlock hair style while employed at RaceTrac.

8.  Since at least September 9, 2002, Defendant RaceTrac has engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2. These practices include Defendant's failure to accommodate the religious practices of Ms. Dian Paul, and discharging Ms. Dian Paul because of her religion and her need for a religious accommodation .

9. Since on or about September 16, 2002, Defendant, RaceTrac has also engaged in unlawful employment practices in violation of § 704(a) of Title VII, 42 U.S.C. section 2000e-3(a) by suspending and discharging Ms. Dian Paul in retaliation for engaging in activity protected under Title VII, including her opposition to Defendant RaceTrac's failure to accommodate her religious beliefs and practices of wearing the head wrap and dreadlock hairstyle.

10. The effects of the practices complained of in paragraphs 8 and 9 above have been to deprive Ms, Dian Paul of equal employment opportunities and other wise adversely affect her status as an employee because of her sincerely held religious beliefs and practices, and because she engaged in activity protected by Title VII including opposing unlawful employment practices protected by Title VII.

11. The unlawful employment practice complained of in paragraphs 8 and 9 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Paul.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it,

from engaging in employment practices which discriminate on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Rastafarians, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Dian Paul, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Ms. Paul and/or an award of front pay.

D. Order Defendant to make whole Ms. Paul by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

F.   Order Defendant to make whole Ms. Paul by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G.   Order Defendant to pay to Ms. Paul punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper.

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

>                       Respectfully submitted,
>
>                       EQUAL EMPLOYMENT OPPORTUNITY
>                       COMMISSION
>
>                       JAMES LEE
>                       Deputy General Counsel
>
>                       GWENDOLYN YOUNG REAMS
>                       Associate General Counsel

(Signatures continued on next page)

*[signature]*

GERALD S. KIEL
Acting Regional Attorney
Georgia Bar No.: 417300

*[signature]* w/express permission

S. Robert Royal
Senior Trial Attorney
Georgia Bar No.: 617505

*[signature]* w/express permission

PAMELA ALFRED-GEORGE
Trial Attorney
Louisiana Bar No.: 16784

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6812
Facsimile: (404) 562-6905